**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 6:15-cr-119-Orl-37KRS

LASHUNDA VENEICE REDD.
_____

**ORDER**

This cause is before the Court on the following:

1. Defendant's Motion for Reconsideration 18 U.S.C. 3742(e) Post-Sentencing Rehabilitation Programming (Doc. 44), filed January 9, 2017; and

2. Government's Response in Opposition to Defendant's Motion for Reconsideration (Doc. 46), filed January 19, 2017.

Upon consideration, the Court finds that the motion is due to be denied.

On June 23, 2015, Lashunda Redd ("**Defendant**") pled guilty to multiple federal offenses. (Doc. 23.) Thereafter, the Court sentenced Defendant to fifty-four months' imprisonment. (Doc. 33.) Defendant, now acting *pro se*, moves the Court to reduce her sentence on the basis of post-conviction rehabilitation. (Doc. 44.) In support of her motion, Defendant relies primarily on 18 U.S.C. 3742(e) and the U.S. Supreme Court's decision in *Pepper v. United States*, 562 U.S. 476 (2011). The Government opposes the motion, arguing that Defendant provides no legal basis for a sentence reduction. (Doc. 46.) The Court agrees.

As an initial matter, Defendant improperly relies on 18 U.S.C. 3742(e) to support her motion. Section 3742(e) does not grant the Court authority to reduce a defendant's

sentence. Section 3742(e) simply sets forth a basis for a *court of appeals* to review a sentence imposed by a district court. Therefore, Section 3742(e) fails to provide a basis for *this* Court to reduce Defendant's sentence.

Defendant's reliance on *Pepper* is also misplaced. In *Pepper*, the Supreme Court held that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Pepper*, 562 U.S. at 491. Thus, "while rehabilitation may be a ground the court can consider if it is in the midst of sentencing or resentencing, rehabilitation is not a justification for the court to resentence the defendant in the first place." *United States v. Edmondson*, 799 F. Supp. 2d 1297, 1299 (M.D. Ala. 2011). Because Defendant has already been sentenced and has not appealed her sentence, *Pepper* is inapplicable here.

Indeed, the Court may only modify Defendant's term of imprisonment: (1) upon motion by the Director of the Bureau of Prisons under limited circumstances ; (2) where "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) if a sentencing range has subsequently been lowered by the Sentencing Commission. *See* 18 U.S.C. 3582(c). Defendant raises no arguments that implicate any of these three exceptions.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration 18 U.S.C. 3742(e) Post-Sentencing Rehabilitation Programming (Doc. 44) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 7, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record
*Pro Se* Party